IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

RASHEEDA WALKER AND
ROXANNE WALKER
INDIVIDUALLY AND ON
BEHALF OF THE WRONGFUL
DEATH BENEFICIARIES OF
BERNICE WALKER, DECEASED                                          PLAINTIFFS

V.                                        CIVIL ACTION NO. 4:20-cv-201-NBB-DAS

JAMES E. WARRINGTON, SR., M.D.,
WARRINGTON CLINIC D/B/A
CLARKSDALE FAMILY MEDICAL
CENTER, BAPTIST MEMORIAL
HOSPITAL NORTH MS, DELTA
MEDICAL CARE FOUNDATION,
UNITED EMERGENCY SERVICES, INC.,
KRISTINA L. LOPRINZI, FNP-C,
PATRICK LOUIS CARR, M.D.,
AND JOHN DOES I-X                                                 DEFENDANTS

## MEMORANDUM OPINION

This cause comes before the court upon the defendant Baptist Memorial Hospital – North Mississippi's motion to dismiss. Upon due consideration of the motion, response, and applicable authority, the court is ready to rule.

The present action involves medical negligence claims against a number of defendants, including Baptist Memorial Hospital – North Mississippi ("BMH-NM"), arising out of medical care and treatment allegedly given to the plaintiffs' decedent, Bernice Walker, at various times in late 2018. The plaintiffs filed suit on November 19, 2020, but did not name or otherwise include BMH-NM as a party-defendant. They did, however, identify Baptist Memorial Healthcare Corporation ("BMHC") as a defendant. Later the same day, the plaintiffs filed their first amended complaint, which substituted BMH-NM for BMHC as a defendant.

Pursuant to Miss. Code Ann. § 15-1-36(15), the plaintiffs were required to provide BMH-NM written notice of their intent to bring an action against the hospital at least sixty days prior to filing suit. Section 15-1-36 states, "No action based upon the health care provider's professional negligence may be begun unless the defendant has been given at least sixty (60) days' prior written notice of the intention to begin the action." Miss. Code Ann. § 15-1-36(15). The Mississippi Supreme Court has repeatedly held that strict compliance with the sixty-day notice requirement is necessary to maintain a claim based on medical negligence. *See Fowler v. White*, 85 So. 3d 287, 291 (Miss. 2012) ("This Court requires strict compliance with Section 15-1-36(15)."); *Williams v. Skelton*, 6 So. 3d 428, 430 (Miss. 2009) ("We agree with the Court of Appeals that this Court 'has required strict compliance with the mandates of Mississippi Code Annotated Section 15-1-36 such that failure to satisfy the pre-suit notice requirement mandates dismissal of the plaintiff's complaint.'") (quoting *Williams v. Skelton*, 6 So. 3d 433, 435 (Miss. Ct. App. 2008)).

Although the plaintiffs furnished pre-suit notice to BMHC via correspondence dated June 5, 2020, the plaintiffs never furnished the requisite notice to BMH-NM prior to filing their first amended complaint. The Mississippi Secretary of State confirms that BMH-NM and BMHC are separate corporate entities. BMH-NM is incorporated in Mississippi, and BMHC is incorporated in Tennessee. Mississippi law requires that each entity must be furnished with notice separately and individually. In *Spann v. Wood*, 269 So. 3d 10 (Miss. 2018), the Mississippi Supreme Court reversed the trial court's decision denying a motion to dismiss filed by several nurses employed at a nursing home, where pre-suit noticed was provided to their employer, but not to the nurses individually. *Spann*, 269 So. 3d at 11. In so ruling, the court analyzed Section 15-1-36(15) and applied "[t]he most fundamental rule of statutory construction" to the statute – "the plain

2

meaning rule, which provides that if a statute is not ambiguous, then this Court must apply the statute according to its terms." *Id.* at 12. Regarding Section 15-1-36(15), the court stated:

> The Legislature's use of the word "defendant," a singular noun, appears to require individual pre-suit notice to each of several defendants. The Legislature's use of "the" further supports a determination that the Legislature intended each defendant receive pre-suit notice, especially in light of the Legislature's use of the singular noun "health care provider" in the same sentence….The clear and unambiguous language of Section 15-1-36(15) requires each defendant to receive pre-suit notice, even if there is an employer-employee relationship among the defendants.

*Id.* The court added that it "has held unwaveringly that strict compliance with Section 15-1-36(15) is required, and the failure to satisfy the requirements mandates dismissal without prejudice." *Id.*

The plaintiffs' argument in response is that the pre-suit notice letter sent to BMHC satisfies Section 15-1-36, citing *Humphrey v. Ocean Springs Hosp.*, 749 So. 2d 1044 (Miss. 1999). The *Humphrey* decision, however, did not involve the notice provision of Section 15-1-36(15), but rather a separate statute, Miss. Code Ann. § 11-46-11, governing claims against municipal entities under the Mississippi Tort Claims Act. *Id.* at 1045. Thus, *Humphrey* and its interpretation of Section 11-46-11 are inapplicable to the present case.

The court also notes two significant facts. First, *Humphrey* was decided in 1999, prior to the enactment of Section 15-1-36(15), which was effective from and after January 1, 2003. Second, since the *Humphrey* decision was issued, even Section 11-46-11 has now been interpreted to require strict compliance. *See, e.g.*, *Dobbs v. City of Columbus*, 285 So. 3d 1219, 1224 (Miss. Ct. App. 2019) ("The language of Section 11-46-11 mandates strict compliance with the notice requirement.").

Based on the foregoing analysis and reiterating that BMH-NM and BMHC are clearly two separate and distinct corporate entities, registered in different states, the court finds that the

notice requirement of Miss. Code Ann. § 15-1-36(15) has not been satisfied as to defendant BMH-NM, and it should be dismissed without prejudice as a party to this action. Accordingly, the defendant's motion to dismiss will be granted. A separate order in accordance with this opinion will issue this day.

 This 29th day of September, 2021.

               /s/ Neal Biggers
               NEAL B. BIGGERS, JR.
               UNITED STATES DISTRICT JUDGE